STUTZ, Appellant,

v.

LaFOREST, Appellee.

LaFOREST et al., Appellees,

v.

UTTER, Appellant.

[Cite as *Stutz v. LaForest* (1992), 83 Ohio App.3d 883.]

Court of Appeals of Ohio,
Crawford County.

Nos. 3-92-19, 3-92-21.

Decided Nov. 24, 1992.

*Kennedy, Purdy, Hoeffel & Gernert* and *Paul E. Hoeffel,* for appellees.
*Inscore, Rinehardt, Whitney & Enderle* and *John K. Rinehardt,* for appellants.

HADLEY, Presiding Judge.

This is an appeal from a March 2, 1992 judgment entry granting a directed verdict at the conclusion of appellant's presentation in a personal injury jury trial growing out of a June 20, 1989 automobile accident.

The record indicates that on June 20, 1989, in Morrow County, Ohio, appellant Jennifer Stutz ("appellant") was a front-seat passenger in an auto driven by Craig Utter which was proceeding south on State Route 19. They observed appellee Michael J. LaForest's ("appellee") vehicle also traveling south on the same roadway ahead of them. The roadway was a straight, level, paved two-lane highway. Utter was driving his auto at about fifty m.p.h. in a fifty-five m.p.h. speed limit zone as they approached appellee's vehicle, which was going considerably slower. Appellee's vehicle was positioned towards the right-hand side of the southbound lane and seemed to be slowing even more, which prompted Utter to decide to pass appellee's vehicle. Utter, who made no audible signal, claims he saw no visible signal from appellee, so he began to steer to the left into the northbound lane. Appellee states that he had looked in his rearview mirror and had seen a vehicle behind him but that it was quite a distance back. As Utter had barely begun to cross the centerline to pass, appellee started to turn left, intending to turn into a driveway on the east side of the roadway. Appellee then saw Utter passing and steered back to the right. Utter "freaked" when he saw appellee starting to turn, hit his brakes and skidded. The front of Utter's vehicle

struck the rear of appellee's vehicle. Utter's vehicle spun around and ended up crossways in the highway. Appellee's vehicle came to rest one hundred feet down the southbound lane. It appeared that the point of impact was well into the southbound lane. The left tire skidmark of Utter's vehicle was in the northbound lane, just a few inches over the centerline. Utter states that he believes that both left tires of appellee's vehicle were completely across the centerline before appellee saw Utter and steered back to the right.

Appellant filed a complaint against appellee alleging that his negligence proximately caused her injuries, which appellee denied. Appellee then filed a complaint against Utter, who filed an answer and counterclaim, and the two cases were consolidated. The matter proceeded to jury trial on February 27, 1992, upon the issue of liability only. After appellant rested, appellee's motion for directed verdict was granted, the trial court concluding that Utter's negligence was the sole cause of the damages and that appellee was not negligent. Appellant's action was dismissed on the merits. An appeal was timely filed on March 26, 1992, setting forth four assignments of error growing out of the directed verdict granted by the trial court.

### Assignments of Error

"I. The trial court erred in directing a verdict against appellant by weighing conflicting evidence and substituting its decision for that of the jury where evidence presented at trial created an issue of material fact.

"II. The trial court erred in finding the appellee not negligent and directing [a] verdict in appellee's favor where the evidence created an issue of material fact as to whether appellee negligently made a left turn without signaling.

"III. The trial court erred by directing [a] verdict against appellant on the issue of negligence where the evidence presented at trial showed that appellant was presented with a sudden emergency when the appellee turned into the lane in which appellant was attempting to pass appellee.

"IV. The trial court erred in finding the negligence of the appellant to be the sole proximate cause of the collision where evidence revealed an issue of material fact as to whether the appellee's own negligence in making a left hand turn without first signaling or checking his rearview mirror was a proximate cause of the collision."

Civ.R. 50(A)(4) provides that a trial court shall direct a verdict if, after construing the evidence most strongly in favor of the party against whom the motion is directed, it finds that upon some determinative issue reasonable minds can come to but one conclusion adverse to said party. The trial court in this case directed the verdict because it found that the accident occurred in the southbound lane and that, therefore, Utter's violation of the assured-clear-distance provisions

of R.C. 4511.21 was the sole proximate cause of the accident. In thus finding, the trial court did not construe the evidence most strongly in favor of appellant, the party against whom the motion for directed verdict was directed. To construe the evidence in the required manner, the trial court would have to find, as reflected in Utter's testimony, that appellee did not signal and that both of the tires of appellee's vehicle came across the centerline into the northbound lane in front of Utter's vehicle in such a manner as to disrupt the assured clear distance and to cause Utter to apply his brakes, resulting in the accident.

Since reasonable minds can come to more than one conclusion on the evidence in this case on the determinative issues such as who was negligent and whether there was a sudden emergency, the trial court erred in removing the case from the jury's consideration and weighing the evidence and directing a verdict for appellee. The assignments of error are sustained and the causes are remanded to the trial court for further proceedings in accordance with this opinion.

*Judgments reversed*
*and causes remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.